IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-352-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JEREMY JAMAR TUMBLING, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 25 January 2013 for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Fayetteville Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The government also introduced an exhibit consisting of a Cumberland County criminal information and indictment against defendant, and the associated transcript of plea relating to an armed robbery and kidnapping he committed on 9 November 2009. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 24 October 2012 with possession of a stolen firearm from on or about 12 October 2011 until on or about 2 December 2011 in

violation of 18 U.S.C. §§ 922(j) and 924. The evidence presented at the hearing showed that the charges arise from the stop of a car in which defendant was riding as the front seat passenger on 2 December 2011. Police found a loaded pistol on the driver's side floorboard. Defendant denied that it was his gun. Police, however, traced the gun to a man from whom defendant had stolen it, at gunpoint, on or about 12 October 2011. The man had gone to school with defendant and recognized him. He was purportedly meeting with defendant for purposes of a marijuana purchase arranged by another person. Defendant also stole money from the man and punched him in the face. The man is apparently a potential witness against defendant in this case.

In the 9 November 2009 offenses which are the subject of the government's exhibit, defendant robbed a woman of groceries, a cell phone, backpack, and other property at gunpoint and kidnapped her. He pled guilty to two counts of felony conspiracy to commit these offenses and received prayers for judgment continued as to each count.

On 11 November 2012, defendant was arrested in Georgia for possession of a stolen pistol, which was associated with a shooting. He pled guilty to felonious theft by receiving stolen property and misdemeanor willful obstruction of law enforcement officers, for which he received seven years probation.

## **Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the pistol, his having stolen it at gunpoint, and his lying to police about his connection to the gun; defendant's criminal record, including his commission of armed robberies in 2009 and 2011 and his being found in

2

Case 5:12-cr-00352-BO   Document 22   Filed 01/29/13   Page 2 of 3

possession of stolen firearms later in 2011 and again in 2012; the danger of continued gun-related offense conduct by defendant if released, including specifically the risk that defendant would further harm the victim and potential witness in the 2009 armed robbery; the unsuitability of the proposed third-party custodial arrangement (notwithstanding the clear qualifications of the proposed custodian, a North Carolina corrections officer) due to the extent of the risk of danger presented by defendant and the proposed custodian's regular absence from the home for work; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 28th day of January 2013.

_____
James E. Gates
United States Magistrate Judge